■ The People of the State of New York, Respondent, v Laverne Defense, Appellant,—Judgment of the Supreme Court, New York County, rendered October 25, 1973, convicting the defendant, upon a jury trial, of bribing a witness and imposing an indeterminate sentence not to exceed three years, unanimously reversed, on the law and the facts and in the interest of justice, and a new trial directed. When a shooting occurred at a social club at 125th Street and Fifth Avenue in Manhattan and the police arrived, some of the patrons broke through the back door and went through an apartment occupied by a woman and her children. One of the children described a woman patron whose face he had not seen. He told the police that the woman had thrown a purse as she ran through the apartment. The contents showed a rent receipt made out to the defendant and also narcotics. The defendant admitted that the purse was hers but denied that the narcotics were hers. At the jury trial, defendant was acquitted of the narcotics charge but was convicted of bribing a witness (Penal Law, § 215.00). The circumstances leading to the latter charge are that at the preliminary hearing in the Criminal Court, when the police officer left the court room, defendant sat in a row behind the child and allegedly promised him a bicycle and to give his mother $100 if he would say that he was not sure she was the one he had seen. While the conversation was not overheard, the court officer saw the defendant talking to the child. We reverse and order a new trial on the ground of prosecutorial misconduct. While perhaps no one instance would be sufficient, the totality of the prosecutor's statements was prejudicial to a fair trial. (Cf. *People v Graham,* 48 AD2d 646.) Among other things, the prosecutor in his summation made a specific issue of the effect the result would have on the child if his testimony as to what happened were not credited. Concur—Kupferman, J. P., Murphy, Lupiano, Birns and Lane, JJ.